IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMANDA NEWTON,                    )
                                 )
                 Plaintiff,      )
                                 )    CIVIL ACTION
v.                               )
                                 )    No. 08-4101-JAR-DWB
                                 )
MICHAEL J. ASTRUE,               )
Commissioner of Social Security, )
                                 )
                 Defendant.      )
_____ )

REPORT AND RECOMMENDATION

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602 and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A)(hereinafter the Act).  Finding that plaintiff has identified no error in the Commissioner's decision, the court recommends that judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the decision.

I.   Background

Plaintiff applied for DIB and SSI, and her applications were denied initially and upon reconsideration.  (R. 19).  Plaintiff requested and was granted a hearing before an Administrative Law Judge (ALJ).  (R. 19, 33).  At the hearing, plaintiff testified,

and was represented by counsel.  (R. 19, 265-91).  Thereafter, ALJ William H. Rima, issued a decision in which he found plaintiff not disabled, and denied her applications.  (R. 19-26).

The ALJ found that plaintiff has a "severe" combination of impairments consisting of grade 1 spondylolisthesis, and spina bifida of the lumbar spine at L5.  (R. 21).  He found plaintiff's allegation of migraine headaches is not medically determinable in the circumstances.  Id.  He determined that plaintiff's combination of impairments does not meet or medically equal the severity of an impairment in the Listing of Impairments.  (R. 22).

The ALJ summarized and discussed the medical evidence, plaintiff's allegations of symptoms, and the medical opinions; found plaintiff's allegations not credible; and concluded that plaintiff has the residual functional capacity (RFC) for a full range of light work.  (R. 22-24).  For purposes of his decision, the ALJ concluded at step four that plaintiff cannot perform her past relevant work, but that based upon application of the Medical-Vocational Guidelines at step five, there are a significant number of jobs in the economy of which plaintiff is capable, and she is therefore, not disabled.  (R. 24-25).  The ALJ denied plaintiff's applications.  (R. 25-26).

Plaintiff sought, but was denied, Appeals Council review of the decision.  (R. 9-11, 15).  Therefore the ALJ's decision

-2-

became the final decision of the Commissioner.  <u>Id.</u>; <u>Blea v.</u>
<u>Barnhart</u>, 466 F.3d 903, 908 (10th Cir. 2006).  Plaintiff now
seeks judicial review of the final decision.  (Doc. 1).

## II.  Legal Standard

The court's review is guided by the Act.  42 U.S.C.
§§ 405(g), 1383(c)(3).  Section 405(g) provides, "The findings of
the Commissioner as to any fact, if supported by substantial
evidence, shall be conclusive."  The court must determine whether
the factual findings are supported by substantial evidence in the
record and whether the ALJ applied the correct legal standard.
<u>Lax v. Astrue</u>, 489 F.3d 1080, 1084 (10th Cir. 2007); <u>White v.</u>
<u>Barnhart</u>, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial
evidence is more than a scintilla, but less than a preponderance,
and it is such evidence as a reasonable mind might accept to
support a conclusion.  <u>Zoltanski v. F.A.A.</u>, 372 F.3d 1195, 1200
(10th Cir. 2004); <u>Gossett v. Bowen</u>, 862 F.2d 802, 804 (10th Cir.
1988).  The court may "neither reweigh the evidence nor
substitute [it's] judgment for that of the agency."  <u>White</u>, 287
F.3d at 905 (quoting <u>Casias v. Sec'y of Health & Human Servs.</u>,
933 F.2d 799, 800 (10th Cir. 1991)); <u>Hackett v. Barnhart</u>, 395
F.3d 1168, 1172 (10th Cir. 2005).  The determination of whether
substantial evidence supports the Commissioner's decision,
however, is not simply a quantitative exercise, for evidence is
not substantial if it is overwhelmed by other evidence or if it

-3-

constitutes mere conclusion.  <u>Gossett</u>, 862 F.2d at 804-05; <u>Ray v.</u>
<u>Bowen</u>, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual
can establish that she has a physical or mental impairment which
prevents her from engaging in substantial gainful activity and is
expected to result in death or to last for a continuous period of
at least twelve months.  42 U.S.C. § 423(d).  The claimant's
impairments must be of such severity that she is not only unable
to perform her past relevant work, but cannot, considering her
age, education, and work experience, engage in any other
substantial gainful work existing in the national economy.  <u>Id.</u>

The Commissioner uses a five-step sequential process to
evaluate whether a claimant is disabled.  20 C.F.R. §§ 404.1520,
416.920 (2007); <u>Allen v. Barnhart</u>, 357 F.3d 1140, 1142 (10th Cir.
2004); <u>Ray</u>, 865 F.2d at 224.  "If a determination can be made at
any of the steps that a claimant is or is not disabled,
evaluation under a subsequent step is not necessary." <u>Williams</u>
<u>v. Bowen</u>, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines
whether claimant has engaged in substantial gainful activity
since the alleged onset, whether she has severe impairments, and
whether the severity of her impairments meets or equals the
severity of any impairment in the Listing of Impairments (20
C.F.R., Pt. 404, Subpt. P, App. 1).  <u>Id.</u> at 750-51.  If

plaintiff's impairments do not meet or equal the severity of a listing, the Commissioner assesses claimant's RFC.  20 C.F.R. §§ 404.1520, 416.920.  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five--whether the claimant can perform her past relevant work, and whether she is able to perform other work in the economy.  Williams, 844 F.2d at 751.  In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work.  Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show other jobs in the national economy within plaintiff's capacity. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims:  that the ALJ erred in failing to find plaintiff's headaches "severe" at step two and in finding that plaintiff's allegations of pain are not credible; and that the court should grant an immediate award of benefits.  The Commissioner argues that the ALJ made a proper step two determination, properly evaluated the credibility of plaintiff's allegations of symptoms, and properly determined plaintiff's RFC. Because plaintiff's step two argument rests in part upon plaintiff's allegations regarding her headaches, the court begins with consideration of the issue of credibility.

-5-

**III. Evaluation of the Credibility Determination**

Plaintiff claims the ALJ erred in finding plaintiff's allegations of disabling back pain are not credible. Specifically, she argues that "the ALJ did not make a finding regarding Mrs. Newton's back pain," but "found that Mrs. Newton 'made inconsistent statements and is therefore, not a credible historian,'" without explaining which of plaintiff's statements were inconsistent. (Pl. Br. 10)(quoting (R. 24)). Plaintiff points to evidence which, in her view, shows the credibility of her allegations of disabling pain. (Pl. Br. 10-11). The Commissioner points to evidence supporting the ALJ's credibility finding, and asserts that the finding must be affirmed because the ALJ articulated his reasons and the reasons are supported by substantial evidence in the record. (Comm'r Br. 13-16).

As plaintiff argues, a claimant's allegations of symptoms resulting from her impairments must be evaluated in accordance with the framework set forth by the Tenth Circuit in Luna v. Bowen, 834 F.2d 161, 163 (10th Cir. 1987). (Pl. Br. 9)(citing Luna); see also, Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993)(summarizing the Luna framework). In accordance with Luna, the Commissioner and the court "must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective

-6-

allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling." Thompson, 987 F.2d at 1488(citing Musgrave v. Sullivan, 966 F.2d 1371, 1375-76 (10th Cir. 1992)).

In evaluating symptoms, the court has recognized a non-exhaustive list of factors which should be considered. Luna, 834 F.2d at 165-66; see also 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). These factors include:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quoting Thompson, 987 F.2d at 1489.

The Commissioner has promulgated regulations suggesting relevant factors to be considered in evaluating credibility which overlap and expand upon the factors stated by the court: Daily activities; location, duration, frequency, and intensity of symptoms; factors precipitating and aggravating symptoms; type, dosage, effectiveness, and side effects of medications taken to relieve symptoms; treatment for symptoms; measures plaintiff has taken to relieve symptoms; and other factors concerning

limitations or restrictions resulting from symptoms.  20 C.F.R. §§ 404.1529(c)(3)(i-vii), 416.929(c)(3)(i-vii).

Plaintiff's allegations--that the ALJ did not make a credibility finding, and that the ALJ did not identify any inconsistent statements--reflect a misunderstanding of the ALJ's decision and his credibility analysis.  The court finds that the ALJ made a proper credibility analysis, and his determination is supported by substantial evidence in the record.

The ALJ stated the law applicable to his credibility analysis.  (R. 22-23).  He explained that he must first determine whether plaintiff has a medically determinable impairment which could reasonably be expected to produce the plaintiff's symptoms, and if so, he must then determine, "based on a consideration of the entire case record," whether plaintiff's allegations are credible.  (R. 22).

Thereafter, he discussed the evidence and plaintiff's allegations, and found plaintiff's allegations are not credible. (R. 23-24).  He stated his conclusion:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the <u>claimant's statements</u> concerning the intensity, persistence and limiting effects of these symptoms <u>are not entirely credible</u>.

(R. 23)(emphasis added).  The ALJ's conclusion reveals that he applied the <u>Luna</u> framework and (contrary to plaintiff's argument)

-8-

that he made a specific credibility finding.  Moreover, the ALJ
stated reasons for finding plaintiff's allegations not
incredible, including particular inconsistent statements made by
plaintiff.  (R. 24).

By the court's count, the ALJ found plaintiff's allegations
not credible based upon nine reasons.  (1) There is a six-year
gap in treatment for back pain (excluding pregnancy-related pain)
between treatment for plaintiff's back injury in 2000 and
treatment occurring when plaintiff applied for disability
benefits in 2006.  (R. 24).  (2) Plaintiff's alleged onset
coincides with her third pregnancy, in 2003.  Id.  (3) Plaintiff
told her doctor that she did not intend to work after her third
pregnancy, because of day-care costs.  Id.  (4) Plaintiff takes
only ibuprofen for pain with rare usage of Lortab at night.  Id.
(5) Plaintiff has normal gait and station, moves about easily
without an assistive device, and has 5/5 leg strength.  Id.
(6) Plaintiff's back pain has been treated conservatively and
surgery has never been recommended.  Id.  (7 & 8) Plaintiff's
activities of daily living and examination function are
consistent with light work.  Id.  (9) Plaintiff has made
inconsistent statements and is not a credible historian.
Id.("The claimant's statements that she is disabled from pain are
not consistent with the longitudinal medical record or the
claimant's daily function.").

Plaintiff's credibility argument focuses on the ALJ's ninth reason; fails to recognize the other, distinct, reasons given by the ALJ; and argues that the ALJ "did not specifically state any statements which were inconsistent." (Pl. Br. 10). Plaintiff's argument is without merit. The ALJ identified at least two inconsistent statements made by plaintiff.

First, the ALJ noted that plaintiff told her doctor that she would not return to work after her third child was born because of day-care costs, whereas plaintiff claimed at the hearing that she did not return to work because she was disabled. Second, the ALJ noted that plaintiff's allegation that her symptoms are disabling is inconsistent with the longitudinal medical record and with her daily functioning. These are inconsistent statements on which the ALJ may properly rely.

Plaintiff's appeal to record evidence in support of her allegations of disabling back pain is not persuasive. To the extent she argues her testimony supports her allegations of disabling pain, that testimony is the object of the credibility analysis, and may not be used to enhance the credibility of the very testimony at issue. As plaintiff argues, the record demonstrates that doctors have prescribed Flexeril, Lortab, Elavil, and prescription ibuprofen. (Pl. Br. 10)(citing (R. 144, 146, 226, 238, 243, 246, 252). However, the record at pp. 146 and 226 makes no mention of these drugs, and consistent with the

ALJ's finding of a gap in treatment for back pain, the remaining citations are to treatment occurring after plaintiff applied for disability benefits in January, 2006.

Moreover, the fact that plaintiff was taking pain medication is not probative of <u>disabling</u> pain.  The mere fact that there is evidence which might support a contrary finding will not establish error in the ALJ's credibility determination.  "'The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'  <u>Zoltanski</u>, 372 F.3d at 1200.  We may not 'displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.'"  <u>Lax</u>, 489 F.3d at 1084.

An ALJ's credibility determinations are generally treated as binding on review.  <u>Talley v. Sullivan</u>, 908 F.2d 585, 587 (10th Cir. 1990).  "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence.  <u>Hackett v. Barnhart</u>, 395 F.3d 1168, 1173 (10th Cir. 2005).  Therefore, in reviewing the ALJ's credibility determinations, the court will usually defer to the ALJ on matters involving witness credibility.  <u>Glass v. Shalala</u>, 43 F.3d 1392, 1395 (10th Cir. 1994).  Plaintiff has presented no

argument justifying a departure from the deference usually accorded an ALJ's credibility determinations.

## IV.  Evaluation of the Step Two Determination

Plaintiff claims the ALJ erred "in failing to find Mrs. Newton's headaches 'severe.'" (Pl. Br. 7).  Plaintiff points to evidence she suffered from headaches, and argues that the ALJ's failure "to find Mrs. Newton's headaches severe resulted in an improper RFC finding." (Pl. Br. 8-9).  The Commissioner argues that the ALJ properly evaluated plaintiff's impairments at step two, and that his determination is supported by substantial evidence in the record.  (Comm'r Br. 11-12).

As plaintiff asserts, the Tenth Circuit has interpreted the regulations and determined that to establish a "severe" impairment at step two of the sequential evaluation process, plaintiff must make only a "de minimis" showing.  (Pl. Br. 7-8)(citing Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997).  Plaintiff need only show that an impairment would have more than a minimal effect on her ability to do basic work activities.  Williams, 844 F.2d at 751.  However, she must show more than the mere presence of a condition or ailment.  Id. (citing Bowen v. Yuckert, 482 U.S. 137, 153 (1987)).

Here, plaintiff asserts that she "always" has "major headaches," that she has constant headaches, and that she is routinely prescribed ibuprofen, Lortab, and Elavil.  (Pl. Br.

8)(citing (R. 144, 146, 226, 238, 243, 246, 252).[1]  However, other than her own testimony (which the ALJ properly found not credible), plaintiff points to no evidence showing that her headaches significantly limit her ability to do basic work activities.

In accordance with the regulations, to be considered "severe," an impairment must significantly limit plaintiff's ability to do basic work activities such as walking, standing, sitting, carrying, understanding simple instructions, responding appropriately to usual work situations, and dealing with changes in a routine work setting.  20 C.F.R. §§ 404.1521, 416.921. Plaintiff has shown only that she has headaches, she has not met her burden at step two of showing that her headaches would have more than a minimal effect on her ability to do basic work activities.  If an impairment's medical severity is so slight that it could not interfere with or have a serious impact on plaintiff's ability to do basic work activities, it could not prevent plaintiff from engaging in substantial work activity and will not be considered severe.  Hinkle, 132 F.3d at 1352.

The court believes it is necessary to comment on the ALJ's actual finding regarding headaches.  Although plaintiff claims error in finding her "headaches" not severe, and the

_____

[1]As discussed above at pp. 10-11, the record at pp. 146 and 226 makes no mention of these drugs.

-13-

Commissioner's response only addresses "headaches," the court
notes that the ALJ specifically found that the "alleged
impairment of migraine headaches is not medically determinable,"
and concluded that plaintiff had a "severe" combination of
impairments consisting only of spondylolisthesis and spina
bifida.  (R. 21).  The ALJ's finding is supported by substantial
evidence in the record because, as the ALJ noted, "There is no
medical evidence of a diagnosis of migraine headaches and the
claimant has not been in any treatment for migraine headaches."
(R. 21).

The ALJ focused on "migraine headaches" rather than
"headaches" because at the hearing plaintiff's counsel presented
plaintiff's legal theory in this case--that plaintiff is unable
to perform any work on a regular and continuous basis "based on
the combination of numbness, pain, migraines requiring rest
breaks that competitive employment don't [sic] allow."  (R. 268).
Plaintiff has not done so, but were she to argue that the ALJ's
focus on "migraine headaches" rather than "headaches" was itself
error,[2] the court would find that any error was invited by
counsel's argument at the ALJ hearing.  See, e.g., Eateries, Inc.
v. J.R. Simplot Co., 346 F.3d 1225, 1229 (10th Cir. 2003); St.

---

[2]The court also notes that because plaintiff did not make
this argument in her briefing before the court, she has waived
it.  Marshall v. Chater, 75 F.3d 1421, 1426-27 (10th Cir. 1996);
Ortiz v. Apfel, 39 F. Supp. 2d 1275, 1285-86 (D. Kan. 1998).

_Anthony Hosp. v. Dep't. of Health and Human Servs._, 309 F.3d 680, 686, 690, 696 (10th Cir. 2002); _John Zink Co. v. Zink_, 241 F.3d 1256, 1259 (10th Cir. 2001).  In any case, plaintiff has not met her burden to show that her headaches have more than a minimal effect on her ability to perform basic work activities, and the ALJ's decision not to include headaches in plaintiff's "severe" combination of impairments is not error.

**IT IS THEREFORE RECOMMENDED** that judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review.  _Morales-Fernandez v. INS_, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this 16th day of June 2009, at Wichita, Kansas.


s/ Donald W. Bostwick
**DONALD W. BOSTWICK**
**United States Magistrate Judge**


-15-