## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMANDA NEWTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-4101-JAR |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER ADOPTING RECOMMENDATION AND REPORT

The Commissioner of Social Security denied plaintiff's application for disability insurance benefits under the Social Security Act. Plaintiff sought review of the Administrative Law Judge's ("ALJ") decision and Magistrate Judge Donald W. Bostwick, issued a Report and Recommendations (Doc. 20) on June 16, 2009, which recommended the Commissioner's decision be affirmed. This matter is currently before the Court on plaintiff's Objections to Report and Recommendations (Doc. 24).

The standards the Court must employ when reviewing objections to a recommendation and report are clear.[1] Only those portions of a recommendation and report identified as objectionable will be reviewed.[2] The review of those identified portions is *de novo* and the Court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation."[3]

---

[1] *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72.

[2] *See Garcia v. City of Albuquerque*, 232 F.3d 760, 767 (10th Cir. 2000); Gettings v. McKune, 88 F. Supp. 2d 1205, 1211 (D. Kan. 2000).

[3] *See Griego v. Padilla*, 64 F.3d 580, 584 (10th Cir. 1995) (citation omitted).

Plaintiff objects only to Judge Bostwick's finding that the ALJ's credibility determination is supported by substantial evidence. And, the only stated basis for plaintiff's objection is that the ALJ erred in relying on Plaintiff's "description of her daily activities to determine that she was not credible."[4] Plaintiff argues that her daily activities are not "necessarily consistent with the ability to maintain substantial gainful employment."

Judge Bostwick carefully reviewed the record; and this Court's *de novo* review confirms his finding that the ALJ's credibility determination was well supported by substantial evidence. The ALJ found plaintiff's allegations concerning the intensity, persistence and limiting effects of her alleged symptoms not credible, for **nine** distinct reasons. Plaintiff's report of her daily living activities was only one of the nine reasons the ALJ relied upon in concluding that plaintiff's allegations of symptoms were not credible. In addition to finding that plaintiff's activities of daily living are consistent with light work, the ALJ discounted plaintiff's credibility because she made several inconsistent statements germane to the intensity, persistence and limiting effects of her alleged pain. Furthermore, her statements and testimony concerning her disability from pain were inconsistent with the longitudinal medical record as well as her daily functioning. Among the nine distinct reasons the ALJ pointed to was this inconsistency: plaintiff told her treating doctor that she would not return to work after her third child was born because of day-care costs yet testified at the hearing before the ALJ that she did not return to work because she was disabled. Among the other reasons underlying the ALJ's credibility determination were that there was a six year gap in the treatment for back pain, plaintiff demonstrates normal walking gait, station and movement, and has 5/5 leg strength; and plaintiff's back pain has been treated

---

[4] Objections to Report and Recommendation (Doc. 24).

conservatively, no surgery has ever been recommended and she has taken ibuprofen with only a rare usage of Lortab at night.

This Court finds that the ALJ's credibility determination was supported by substantial evidence of a number of appropriate factors to consider in evaluating credibility.[5] Thus, the Court gives the ALJ's credibility determination the deference it is due, under the law. Upon review of an ALJ's credibility determination concerning witness credibility, the court usually defers to the ALJ,[6] as such determinations of credibility are property the province of the trier of fact.[7]

**IT IS THEREFORE ORDERED** that Plaintiff's Objections to the Report and Recommendations of Magistrate Judge Bostwick (Doc. 24 ) shall be denied.

**IT IS FURTHER ORDERED** that the June 16, 2009 Report and Recommendations (Doc. 20) shall be adopted by the Court as its own.

**IT IS SO ORDERED.**

Dated this 30th    day of July, 2009, at Topeka, Kansas.

    S/   Julie A. Robinson
Julie A. Robinson

---

[5] The Tenth Circuit set for the framework for analysis of the credibility of allegations of pain in *Luna v.Bowen*, 834 F.2d 161, 163 (10th Cir. 1987). In evaluating symptoms, the Tenth Circuit has provided courts with a non-exhaustive list of factors to consider: the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quoting *Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir.1993).

[6] *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

[7] *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005).

United States District Judge